THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW JAMES LINDSAY SHORE as individual, and MATTHEW SHORE as Tenant of a Tenancy in Common,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID SHORE, et al., FEDERAL DEPOSIT INSURANCE CORPORATION, LARSON, HART & SHEPHERD, PLLC, WASHINGTON MUTUAL, INC., TICOR TITLE COMPANY,<br><br>Defendants. | No.  C09-848Z<br><br>ORDER |

THIS MATTER comes before the Court on defendant Federal Deposit Insurance Corporation's ("FDIC") motion for summary judgment, docket no. 27. Having reviewed the papers filed in support of the FDIC's motion,[1] the Court DENIES the FDIC's motion.

---

[1] Plaintiff filed no opposition to FDIC's motion.  However, "summary judgment cannot be granted by default, even if there is a complete failure to respond to the motion."  Fed. R. Civ. P. 56, 2010 cmt. to subdivision (e).

ORDER - 1

**BACKGROUND**

In  early 2006, plaintiff Matthew Shore became involved in a dispute with his uncle, David Shore, over funds held in a joint account at Washington Mutual Bank. Dixon Decl., Ex. A, docket no. 28.   Matthew and David entered into a settlement agreement (the "Settlement Agreement") in May 2006 to resolve their dispute over the disposition of the funds.  Dixon Decl., Ex. A, docket no. 28.  Thereafter, on December 21, 2007, Matthew filed a lawsuit in state court (the "State Court Action") against David relating to the disputed bank account.  Id. Ex. D.  Matthew also sued David's attorneys, Michael Larson and Larson Hart & Shepard, PLLC (collectively "Larson Hart").   Id.   On May 28, 2008, the state court dismissed Matthew's claims against Larson Hart with prejudice on summary judgment.[2]   Id. Ex. B.  The court dismissed the remainder of the State Court Action sua sponte on June 8, 2009, without prejudice, due to plaintiff's failure to prosecute.  Id. Ex. C.   Immediately thereafter, Matthew brought the present lawsuit.[3]  Complaint, docket no. 1.  The FDIC is a party because it

---

[2] The Dixon Declaration identifies the state court's dismissal order against Larson Hart as Ex. B, and the subsequent dismissal order against the remaining defendants as Ex. C.  See Dixon Decl., ¶¶ 3-4, docket no. 28.  However, in reviewing the exhibits, it appears that the document attached as Ex. B is the final dismissal order, while the document attached as Ex. C is the Larson Hart dismissal order.  To avoid confusion, the Court has referred to the exhibits by name.

[3] The Court previously dismissed plaintiff's claims against Michael Larson and WMI Investment Corporation.  Minute Order, docket no. 17.  The remaining defendants include David Shore, Ticor Title Company, Larson Hart & Shepard, PLLC, Washington Mutual, and FDIC.

ORDER - 2

1

2

3

is the receiver for Washington Mutual, which closed for business during the pendency

of the State Court Action.

**DISCUSSION**

4

5

6

Summary judgment is appropriate where "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

7

P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

8

9

10

Defendant FDIC argues that summary judgment is appropriate for two principle

reasons: (1) the dismissal and settlement of the State Court Action collaterally estops

11

the plaintiff from bringing the present lawsuit; or (2) plaintiff waived his claims

12

against the FDIC in the Settlement Agreement.  Although the FDIC's motion is

13

unopposed, neither basis for summary judgment has merit, and as such, the Court

14

DENIES the FDIC's motion.

15

16

A.    **Collateral Estoppel**

17

Collateral estoppel (also known as "issue preclusion") bars a party from

18

relitigating a legal issue where (1) there was a full and fair opportunity to litigate the

19

issue in a previous action; (2) the issue was actually litigated in that action; (3) the

20

issue was lost as a result of a final judgment; and (4) the person against whom

21

22

collateral estoppel is asserted in the present action was a party or in privity with a party

23

in the previous action.  In re Palmer, 207 F.3d 566, 568 (9th Cir. 2000).  The burden to

24

establish collateral estoppel is on the party seeking to apply it.  Kendall v. Visa,

25

U.S.A., Inc., 518 F.3d 1042, 1050 (9th Cir. 2008).

26

ORDER - 3

1

2

3

4

The FDIC argues that the dismissal of plaintiff's claims in the State Court

Action estops plaintiff from bringing his claims in the present case.  Collateral

estoppel requires, however, that the previous case be litigated to a final judgment.  In

re Palmer, 207 F.3d at 568.  If a case is settled prior to entry of final judgment,

5

6

7

collateral estoppel does not apply.  Inouye v. Kemna, 504 F.3d 705, 708 (9th Cir.

2007).  Similarly, a voluntary dismissal of a claim prior to adjudication and without

8

9

any stipulated findings of fact does not actually litigate an issue.  Amadeo v. Principal

Mut. Life Ins. Co., 290 F.3d 1152, 1159 (9th Cir. 2002).

10

11

The state court's dismissal of plaintiff's claims was, by its terms, at the

12

agreement of the parties, and without prejudice.  Dixon Decl., Ex. C, docket no. 28.

13

Similarly, plaintiff's Settlement Agreement with David Shore,[4] see id. Ex. A, has no

14

issue preclusive effect.  Inouye, 504 F.3d at 708.[5]  Accordingly, plaintiff's claims

15

16

against the FDIC are not barred by collateral estoppel.

17

18

---

19

[4] FDIC seems to suggest that the Settlement Agreement resolved the parties' dispute in
the State Court Action.  However, plaintiff did not even commence the State Court
Action until nineteen months after plaintiff entered into the Settlement Agreement
with David Shore.  Compare Dixon Decl., Ex. A (Settlement Agreement), docket
no. 28, with id., Ex. D (State Court Action complaint).  The Settlement Agreement was
not a resolution of the State Court Action.

20

21

22

23

[5] FDIC raises other similar arguments, including that the present lawsuit is a collateral
attack on the final judgment in the prior State Court Action, or that the present case
constitutes an improper "motion for reconsideration" of the dismissed State Court
Action.  As previously noted, however, there was no final judgment in the prior action.
The dismissal by the state court was without prejudice, and as such, plaintiff was free
to bring his claims in a subsequent lawsuit.

24

25

26

ORDER - 4

**B.**     <u>Waiver</u>

Waiver is the intentional abandonment or relinquishment of a known right. <u>Mid-Town Ltd. P'ship v. Preston</u>, 69 Wn. App. 227, 233, 848 P.2d 1268 (1993).  A waiver is only effective if supported by unequivocal acts or circumstances showing an intent to waive, or by express agreement.  <u>Id.</u>; <u>Bowman v. Webster</u>, 44 Wn.2d 667, 669, 269 P.2d 960 (1954).

The FDIC argues that plaintiff waived his claims against the FDIC in the Settlement Agreement, which provides in relevant part:

> The parties understand and expressly agree that the releases contained in the above paragraphs <u>extend to all claims of every nature and kind whatsoever, arising out of the use, transfer or management of funds in the parties' Washington Mutual joint bank account</u>, as described in Paragraph 1, known or unknown, suspected or unsuspected, past, present and future, including, without limitation, all claims arising from or attributable to any tortious acts or any other act or failure to act by either party and his representatives, and that any and all rights granted to the parties, under any analogous state or federal law or regulation, are hereby expressly waived.

Dixon Decl., Ex. A at ¶ 6, docket no. 28 (emphasis added).  The FDIC argues that the emphasized language in the waiver provision operates as a knowing and express waiver of any claim plaintiff may have had against the FDIC arising out of his dispute with David Shore over the Washington Mutual bank account.

The express language of the waiver provision is limited, however, to the "releases contained in the above paragraphs."  <u>Id.</u>   The release provision in the Settlement Agreement provides in relevant part that:

> Matthew J. Shore hereby releases, acquits, satisfies and forever discharges David Shore . . . from all causes of action . . . that Matthew J.

ORDER - 5

Shore may now have, whether known or unknown, or at time hereinafter have <u>against David Shore</u> . . . .

<u>Id.</u>, Ex. A at ¶ 3.  By its express terms, the release provision is limited to plaintiff's claims against David Shore.  Accordingly, the waiver provision is also limited to plaintiff's claims against David Shore.

Moreover, plaintiff's course of conduct, and the circumstances surrounding the State Court Action evince an intent by plaintiff not to waive his claims against other parties.  For example, plaintiff has pursued two different lawsuits against a number of different parties subsequent to his execution of the Settlement Agreement, suggesting that he did not intend to waive claims against unrelated parties.  Accordingly, the Settlement Agreement does not operate as a waiver of plaintiff's claims against the FDIC.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the FDIC's motion for summary judgment, docket no. 27.

DATED this 10th day of March, 2011.

Thomas S. Zilly
United States District Judge

ORDER - 6